IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

JERRY L. DUBOIS, )
        Plaintiff, )
         )
         )
vs. )      Case No.: 3AN-13- **8735**CI
         )
COEUR ALASKA INC.; d/b/a/ )
KENSINGTON MINE; COEUR MINING,)
INC.; and COEUR D'ALENE MINES )
CORPORATION. )
        Defendants. )

LAW OFFICE OF D. KEVIN WILLIAMS
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6630 • Fax: (907) 264-6602

## COMPLAINT

      COMES NOW, the plaintiff Jerry L. DuBois, by and through his attorney, the Law Office of D. Kevin Williams, and states as follows:

### I.    JURISDICTION

1.    Plaintiff, Jerry L. DuBois, was injured on or about September 9, 2011, when he fell from a deck at defendants' mine. At the time of the incident, Mr. DuBois was a citizen of Alaska residing in the 3rd Judicial District, and he continues to be a citizen of Alaska.

2.    On information and belief, defendant, Coeur Alaska Inc., d/b/a/ Kensington Mine is a corporation authorized to do business and be sued in its corporate name under the laws of the State of Alaska;

3.    Defendant Coeur Alaska Inc. is a business establishment which, among things, conducts mining operations at the Kensington Mine in the State of Alaska. On information and belief, defendants Coeur Mining, Inc. and Coeur D' Alene Mines Corporation are affiliated with defendant Coeur Alaska Inc., as well as have interests in the operation and ownership of the Kensington Mine.

4.    On or about September 9, 2011, plaintiff Jerry DuBois was working for his employer, U.S. Department of Labor, as a safety officer conducting inspections at defendants' Kensington Mine in Alaska. As Mr. DuBois was standing outside on the deck of the mine's safety office trailer/building, he leaned back against the top guard railing that ran along the perimeter of the

DuBois v. Coeur Alaska Inc., et al.
3AN-13-**8735**CI
Page 1 of 4

deck. The railing broke and Mr. DuBois fell down off the deck onto the ground and sustained serious injuries.

## II. CLAIMS

5.    Plaintiff re-alleges and incorporates by reference the statements above.

6.    Prior to September 9, 2011, a person, or persons, employed by, and acting within the course and scope of their employment for defendants had 1) used a substandard railing design; 2) mis-installed the railing by failing to adequately secure it; 3) used substandard construction methods and materials in constructing the railing; and 4) failed to maintain and periodically inspect the railing.

7.    Defendants, through their employees, have a duty to act as a reasonable prudent person/company under all circumstances and have a duty to act reasonably, and in a prudent manner given all of the circumstances, including a duty to reasonably design, install, use adequate materials, and adequately secure the guard railings surrounding the perimeter of the deck. Further, defendants had a duty to inspect, maintain, and remedy any hazardous or dangerous conditions caused by the inadequately secured railing.

8.    Defendants breached their duty of care and failed to act prudently through their actions and inactions, including but not limited to, failing to adequately design, construct, secure, inspect, and maintain the railing so that it would not break away from its fastenings. Among other things, the guard rail was designed, constructed, and maintained in a defective manner when: 1) the railing was attached to the outside of the 4x4 support posts so that the structural integrity of the guard rail relied entirely on the fasteners used to secure the railing and not on the actual strength of the rails themselves against the posts; 2) the fasteners or screws were placed in a weak, and possibly the weakest possible orientation for such fasteners; 3) inadequate numbers of fasteners were used to secure guard rail; 4) fasteners were not placed in the cross grains of the wood; and 5) rather than using fasteners constructed out of materials such as stainless steel or galvanized steel, improper fasteners were used that had rusted to the point of failure.

9.    Defendants also failed to follow safety and health regulation in constructing and allowing the railing to exist, including, but not limited to violation of 29 CFR

LAW OFFICE OF D. KEVIN WILLIAMS
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6630 • Fax: (907) 264-6602

1926.502(b)(3)&(b)(4), which requires railings to be capable of withstanding, without failure, a force of at least 200 pounds. Such violation constitutes negligence per se.

10.     In the alternative, defendants were negligent under the doctrine of *res ipsa loquitur,* since a guard railing does not normally fail when leaned on, absent someone's negligent failure to ensure that the railing was secured or maintained so that it remained secured; the railing was within the exclusive control of the defendant; and the railing did not fail due to any voluntary action or contribution of the part of plaintiff.

11.     Defendants are vicariously and individually liable to plaintiff for the actions of their employees, based upon agency law, *respondent superior,* and other theories that may become known during the course of discovery.

12.     Defendants' actions and inactions caused injuries and damages to plaintiff Jerry DuBois.

13.     The actions and inactions of defendants mentioned above was the proximate cause of Jerry DuBois' injuries and damages.

### III.    DAMAGES

14.     Plaintiff re-alleges and incorporates by reference the statements above.

15.     As a direct and proximate result of the negligence of the defendants and any other negligence or violations of applicable ordinances, codes or statutes which may be brought out at trial, the plaintiff has sustained damages which have resulted in or which may result in:

     (1)     Past and future pain and suffering;

     (2)     Past and future mental anguish;

     (3)     Past and future medical expenses;

     (4)     Past and future disfigurement and physical impairment;

     (5)     Past and future lost wages;

     (6)     Past and future inconvenience;

     (7)     Lost time;

     (8)     Impairment of earning capacity;

     (9)     Loss of enjoyment of life and diminished ability to enjoy other physical pursuits;

     (10)     Past and future non-economic losses.

LAW OFFICE OF D. KEVIN WILLIAMS
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6630 • Fax: (907) 264-6602

WHEREFORE, plaintiff prays for judgment as follows:

i) Compensatory damages, the exact amount to be more specifically determined at trial;

ii) Medical and incidental expenses;

iii) Damages for pain and suffering and other damage items mentioned above;

iv) Attorney's fees;

v) Pre-judgment interest; and

vi) Costs of suit; and such other and further relief as the court deems just and proper.

DATED IN Anchorage, Alaska this 9th day of August, 2013.

Law Office of D. Kevin Williams
Attorney for Plaintiff

By: _____
D. Kevin Williams
Alaska Bar no. 9006041

LAW OFFICE OF D. KEVIN WILLIAMS
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6630 • Fax: (907) 264-6602

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT AT ANCHORAGE

JERRY L. DUBOIS,  )
      Plaintiff,  )
      )
      )
vs.  )      Case No.: 3AN-13- 8735CI
      )
COEUR ALASKA INC.; d/b/a/  )
KENSINGTON MINE; COEUR MINING,)
INC.; and COEUR D'ALENE MINES  )
CORPORATION.  )
      Defendants.  )

LAW OFFICE OF D. KEVIN WILLIAMS
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6630 • Fax: (907) 264-6602

## DEMAND FOR JURY TRIAL

COMES NOW, the plaintiff Jerry L. DuBois, by and through his attorney, the Law Office of D. Kevin Williams, and hereby demands a trial by jury in the above-entitled action against the defendants.

DATED IN Anchorage, Alaska this _9th_ day of August, 2013.

Law Office of D. Kevin Williams
Attorney for Plaintiff

By: _____
D. Kevin Williams
Alaska Bar no. 9006041

DuBois v. Coeur Alaska Inc., et al.- Demand for Jury Trial
3AN-13-8735CI

Check the box that best describes the case. Mark **one** box only. If the caption is "In the Matter of", do not select Civil – Superior Court case. Use either Superior Court Miscellaneous Petition or appropriate Domestic Relations case type. For district court cases, use form CIV-125D.

---

**CIVIL -- SUPERIOR COURT**

**CONTRACT**
Contract cases involving real property should be reported under the real property category.
- [ ] Debt Collection (CISDEB)
- [ ] Claim Against Seller of Goods/Services (CISCLAIM)
- [ ] Employment Dispute (CISEMP)
- [ ] Other Contract (CISOCT)

**TORT**
- [ ] Intentional Tort (e.g. assault, battery, vandalism) (CISIT)
- [ ] Slander/Libel/Defamation (CISSLD)
- [ ] Product Liability (CISPL)
- [ ] Wrongful Death (CISPID)
Automobile Negligence:
- [ ] Personal Injury Only (CISPIA)
- [ ] Property Damage Only (CISPDA)
- [ ] Both (CISIDA)
Other Negligence:
- [x] Personal Injury Only (CISPIO)
- [ ] Property Damage Only (CISPDO)
- [ ] Both (CISIDO)

**MALPRACTICE**
- [ ] Legal Malpractice (CISLMP)
- [ ] Medical Malpractice (CISMMP)
- [ ] Other Malpractice (CISOMP)

**REAL PROPERTY**
- [ ] Quiet Title (CISQIT)
- [ ] Foreclosure (CISFOR)
- [ ] Condemnation (CISCNDM)
- [ ] Real Property Action (CISREM)

**OTHER CIVIL**
- [ ] Arbitration Proceeding (CISAP)
- [ ] Confession of Judgment (CISCCONF)
- [ ] Unfair Trade Practice (CISUTP)—incl. injunc. relief
- [ ] Consumer Protection (CISCP)—incl. injunc. relief (Clerk: Use form CIV-128 for CISUTP and CISCP.)
- [ ] Declaratory Judgment/Injunc. Relief (CISINJ)
- [ ] OSC Request – Admin Agency (CIOSC)
- [ ] Action to Enforce Administrative Agency Order (Incl Subpoena) (CIBW)
- [ ] Writ of Habeas Corpus (CIWHC)
- [ ] Election Contest or Recount Appeal (CISELE)
- [ ] Enforcement of Arbitration Order or Subpoena AS 09.43.070 (CIARB)
- [ ] Other Civil Complaint (CISOCI). Describe:
  _____
  _____

**FORCIBLE ENTRY AND DETAINER – SUPERIOR COURT**
- [ ] Eviction – F.E.D. (CISFED)

**FOREIGN JUDGMENT – SUPERIOR COURT**
- [ ] Registration of Foreign Judgment (CISFOJ)
  *Do not use for foreign support/custody order. See Domestic Relations category.*

**POST-CONVICTION RELIEF TO SUPERIOR COURT**
- [ ] Post-Conviction Relief (CISPCR)

**DOMESTIC RELATIONS**

**DIVORCE WITHOUT CHILDREN**
- [ ] Divorce Without Children (CISDIV)
- [ ] Uncontested Divorce Without Children – Superior Court (CISUDIV)

**DIVORCE OR CUSTODY WITH CHILDREN**
- [ ] Petition for Custody (CISCUS)
- [ ] Uncontested Complaint for Custody (CISUCUS)
- [ ] Divorce With Children (CISDVC)
- [ ] Uncontested Divorce With Children (CISUDVC)

**LEGAL SEPARATION**
- [ ] Legal Separation With Children (CICLS)
- [ ] Legal Separation Without Children (CISLS)

**DOMESTIC RELATIONS OTHER**
- [ ] Ex Parte Application for OSC for Failure to Comply with Admin Order for Genetic Testing (CIOSCP)
- [ ] Action to Modify or Enforce Administrative Child Support Order (CIPCS)
- [ ] Petition for Order re: PFD or Native Dividend (CIPND)
- [ ] Establishment of Paternity (CISPAT)
- [ ] Disestablishment of Paternity (CIDPAT)
- [ ] Foreign Custody Order – Registration, Modification or Enforcement under AS 25.30 (DR483)
- [ ] Foreign Support Order – Registration, Modification or Enforcement under AS 25.25 (CIUIFSA)
- [ ] **Both** Foreign Custody and Support Order – Registration, Modification or Enforcement under AS 25.30 and AS 25.25 (CIFCS)
- [ ] Foreign Domestic Relations Order (Not Custody or Support) – Registration, Modification or Enforcement (CIDRFJ)
- [ ] Petition for Annulment (CIANNUL)
- [ ] Petition for Visitation (CIVIS)

---

Case 3:13-cv-00177-JWS   Document 1-1   Filed 09/09/13   Page 6 of 21

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

JERRY L. DUBOIS )
        Plaintiff(s), )
         )
vs. )
COEUR ALASKA, INC dba Kensington Mine; )
COEUR MINING, INC; and ) CASE NO. 3AN- 13-8735 CI
COEUR D'ALENE MINES CORPORATION )
        Defendant(s). )
         )

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: COEUR ALASKA, INC

You are hereby summoned and required to file with the court a written answer to the complaint
which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave.,
Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition,
a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented)
LAW OFFICE OF D. KEVIN WILLIAMS , whose address is: 310 K Street, Ste 200 .
                                                Anchorage, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered
against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this
case, in writing, of your current mailing address and any future changes to your mailing address
and telephone number. You may use court form *Notice of Change of Address / Telephone
Number* (TF-955), available at the clerk's office or on the court system's website at
www.state.ak.us/courts/forms.htm , to inform the court. - OR - If you have an attorney, the
attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge McKay
    and Master _____.

☐ This case has been assigned to District Court Judge _____.

CLERK OF COURT

8/9/13
Date

By: _____ Marshall
                Deputy Clerk

I certify that on 8/9/13 a copy of this Summons was ☐ mailed ☒ given to
☐ plaintiff ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If
you have been served with this summons outside the United States, you also have 40 days to file
your answer.

CIV-100 ANCH (10/05)(st.3)                         Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

# IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
## AT ANCHORAGE

JERRY L DUBOIS
_____
Plaintiff(s),

vs.

COEUR ALASKA, INC dba Kensington Mine;
COEUR MINING, INC; and
COEUR D'ALENE MINES CORPORATION
_____
Defendant(s).

CASE NO. 3AN- 13-8735 CI

**SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: COEUR D'ALENE MINES CORPORATION

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) LAW OFFICE OF D. KEVIN WILLIAMS , whose address is: 310 K Street, Ste 200 .
Anchorage AK 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☑ This case has been assigned to Superior Court Judge _McKay_
and Master _____.

☐ This case has been assigned to District Court Judge _____.

CLERK OF COURT

8/9/13
Date

By: J marshall
Deputy Clerk

I certify that on 8/9/13 a copy of this Summons was ☐ mailed ☑ given to
☐ plaintiff ☑ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (6/10)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

JERRY L. DUBOIS
            Plaintiff(s),

vs.

COEUR ALASKA, INC dba Kensington Unit;
COEUR MINING, INC; and
COEUR D'ALENE MINES CORPORATION
            Defendant(s).

)
)
)
)
)
)
)
)
)
)
)

CASE NO. 3AN-13-8735 CI

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: COEUR MINING, INC

You are hereby summoned and required to file with the court a written answer to the complaint
which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave.,
Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition,
a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented)
LAW OFFICE OF D.KEVIN WILLIAMS, whose address is: 310 K Street, Ste 200.
Anchorage, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered
against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this
case, in writing, of your current mailing address and any future changes to your mailing address
and telephone number. You may use court form *Notice of Change of Address / Telephone
Number* (TF-955), available at the clerk's office or on the court system's website at
www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the
attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge MCKay
   and Master _____.

☐ This case has been assigned to District Court Judge _____.

CLERK OF COURT

8/9/13
Date

By: _____
             Deputy Clerk

I certify that on 8/9/13 a copy of this Summons was ☐ mailed ☒ given to
☐ plaintiff ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If
you have been served with this summons outside the United States, you also have 40 days to file
your answer.

CIV-100 ANCH (6/10)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55



COUNSEL OF RECORD

CASE NO. 3AN-13-8735 CI

KEEP ON TOP OF FILE

| NAME | MAILING ADDRESS & PHONE NUMBER | FOR WHOM |
|---|---|---|
| LAW OFFICE D. KEVIN WILLIAMS - D. KEVIN WILLIAMS | 310 K STREET, STE 200   264-6630 ANCHORAGE, AK 99501 | PLAINTIFF JERRY L. DUBOIS |
| TIMOTHY LYNCH | 425 E Street, Ste 420 A (A ©) | Δs (ALL) |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

TF-900 (3/00)(5 ½ X 8 ½)(canary cdsk)

STATE OF ALASKA
THIRD DISTRICT
FILED
2013 AUG 22 PM 4:04
CLERK TRIAL COURTS
BY:
DEPUTY CLERK

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

JERRY L. DUBOIS,                    )
                Plaintiff,          )
                                    )
    vs.                             )       Case No.: 3AN-13- 8735CI
                                    )
COEUR ALASKA INC.; d/b/a/           )
KENSINGTON MINE; COEUR MINING,)
INC.; and COEUR D'ALENE MINES       )
CORPORATION.                        )
                Defendants.         )

LAW OFFICE OF D. KEVIN WILLIAMS
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6630 • Fax: (907) 264-6602

## CIVIL RULE 4(f) AFFIDAVIT OF SERVICE

Pursuant to Alaska Rule of Civil Procedure 4(f), the plaintiff, by and through counsel of

record, files this *Civil Rule 4(f) Affidavit of Service*. Furthermore, counsel states:

1. I am counsel of record in the above-referenced complaint.

2. Service of the Summons and Complaint in the above matter was made via Certified

    Mail, Return Receipt Requested as evidenced by the Domestic Return Receipts from

    the United States Postal Service, attached hereto, on the following individuals and

    agencies:

    a. Coeur Alaska, Inc
       c/o CT Corpration System
       9360 Glacier Hwy, Ste 202
       Juneau, AK 99801
       Signed for by Alison Forman- August 13, 2013

    b. Coeur d'Alene Mines Corporation
       c/o Casey Nault
       P.O. Box 1
       505 Front Ave
       Coeur d'Alene, ID 83816
       Signed for by Juli Wolfinger- August 13, 2013



DuBois v. Coeur Alaska Inc., et al.
Civil Rule 4(f) Affidavit
3AN-13-8735CI

c. Coeur Mining, Inc.
c/o Casey Nault
P.O. Box 1
505 Front Ave
Coeur d'Alene, ID 83816
Signed for by Juli Wolfinger- August 13, 2013

DATED IN Anchorage, Alaska this _22_ day of August, 2013.

Law Office of D. Kevin Williams
Attorney for Plaintiff

By: _____
D. Kevin Williams
Alaska Bar no. 9006041

SUBSCRIBED AND SWORN to before me on August _22_, 2013 at Anchorage, Alaska.

Notary Public
JENNIFER MCKINNON
State of Alaska
My Commission Expires Oct 15, 2016

_____
Notary Public in and for Alaska
My Commission expires: _10/15/2016_

CERTIFICATE OF SERVICE
I hereby certify that a true and correct copy of the
foregoing was served on the 22 day of
August , 2013 via First Class Mail to:

Coeur d'Alene Mine Corp.
c/o Casey Nault
P.O. Box 1
505 Front Ave
Coeur d'Alene, AK 83816

Coeur Mining, Inc.
c/o Casey Nault
P.O. Box 1
505 Front Ave
Coeur d'Alene, AK 83816

Coeur Alaska, Inc.
c/o CT Corporation System
9360 Glacier Hwy, Ste 202
Juneau, AK 99801

_____
Law Office of D. Kevin Williams

DuBois v. Coeur Alaska Inc., et al.
Civil Rule 4(f) Affidavit
3AN-13-8735CI

## Card 1

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _(signature)_ ☑ Agent ☐ Addressee

B. Received by (Printed Name): Juli Wortinger   C. Date of Delivery: 8-13-13

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Coeur Mining, Inc
c/o Casey M Nault
P.O. Box I
505 Front Ave
Coeur d'Alene, ID 83816

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7007 2680 0000 4523 9461

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

## Card 2

**SENDER: COMPLETE THIS SECTION**
■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signature)_ ☐ Agent ☐ Addressee

B. Received by (Printed Name): Alison Foreman   C. Date of Delivery: 8/13/13

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Coeur Alaska, Inc.
c/o CT Corporation System
9360 Glacier Hwy, Ste 202
Juneau, AK 99801

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7008 2810 0002 1192 7138

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

## Card 3

**SENDER: COMPLETE THIS SECTION**
■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signature)_ ☑ Agent ☑ Addressee

B. Received by (Printed Name): Juli Wortinger   C. Date of Delivery: 8-13-13

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Coeur d'Alene Mines Corp.
c/o Casey Nault
P.O. Box I
505 Front Ave
Coeur d'Alene, ID 83816

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7007 2680 0000 4523 9478

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT AT ANCHORAGE

JERRY L. DUBOIS )
            )
        Plaintiff, )
            )
v. )
            )
COEUR ALASKA INC.; d/b/a )
KENSINGTON MINE; COEUR MINING, )
INC.; and COEUR D'ALENE MINES )
CORPORATION. )
            )
        Defendants. )
_____ )   Case No.    3AN-13-8735CI

## ENTRY OF APPEARANCE

        The law firm of Lynch & Associates, P.C. hereby enters its appearance as counsel

of record on behalf of defendants Coeur Alaska Inc. d/b/a Kensington Mine, Coeur Mining, Inc.,

and Coeur D'Alene Mines Corporation. Any documents with reference to the above-captioned

matter, with the exception of service of process, may be served on defendant's counsel at: 425 G

Street, Suite 420, Anchorage, Alaska 99501.

        DATED at Anchorage, Alaska this _3rd_ day of September, 2013.

                     LYNCH & ASSOCIATES, P.C.
                     Attorneys for Defendants

                     By: _____
                        Timothy M. Lynch
                        Alaska Bar No. 7111030

**Lynch & Associates, P.C.**
A PROFESSIONAL CORPORATION
425 G Street, Suite 420
Anchorage, Alaska 99501
Phone: (907) 276-3222
Fax: (907) 278-9498

Lynch & Associates, P.C.
A PROFESSIONAL CORPORATION
425 G Street, Suite 420
Anchorage, Alaska 99501
Phone: (907) 276-3222
Fax: (907) 278-9498

Certificate of Service

I hereby certify that on the 3rd day of September, 2013,
I caused a true and correct copy of the foregoing
to be served via:

___X___ : U.S. Mail ____: Facsimile ____: Hand Delivery

D. Kevin Williams
Law Offices D. Kevin Williams
310 K Street, Suite 200
Anchorage, Alaska 99501
(907) 264-6602

Lynch & Associates, P.C.

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT AT ANCHORAGE

JERRY L. DUBOIS )
                    Plaintiff, )

v. )

COEUR ALASKA INC.; d/b/a )
KENSINGTON MINE; COEUR MINING, )
INC.; and COEUR D'ALENE MINES )
CORPORATION. )

                    Defendants. )

                               )     Case No.    3AN-13-8735CI

### ANSWER

Come now Defendants, Coeur Alaska, Inc.; Coeur Mining, Inc.; and Coeur d'Alene

Mines Corporation (hereinafter collectively "Coeur") by and through their attorneys of record,

Lynch & Associates, and for their Answer to Plaintiff's, Jerry L. DuBois (hereinafter "DuBois")

Complaint, admit, deny and allege as follows:

### I.

With regard to paragraph 1 of DuBois' Complaint, Coeur admits that DuBois fell from a

deck at the mine on or about September 9, 2011. Coeur alleges a lack of information sufficient

to form a belief as to the other allegations contained in said paragraph and, therefore, denies all

such allegations.

### II.

With regard to paragraph 2 of DuBois' Complaint, Coeur admits that Coeur Alaska Inc.

is incorporated under the laws of the State of Delaware with its principal place of business in

Lynch & Associates, P.C.
A PROFESSIONAL CORPORATION
425 G Street, Suite 420
Anchorage, Alaska 99501
Phone: (907) 276-3222
Fax: (907) 278-9498

Idaho and is authorized to do business in the state of Alaska. Coeur denies all of the remaining allegations in said paragraph.

### III.

With regard to paragraph 3 of DuBois' Complaint, Coeur admits that on or about May 15, 2013, Coeur d'Alene Mines Corporation converted from an Idaho corporation to a Delaware corporation and is now known as Coeur Mining, Inc. Coeur Mining, Inc. is the parent corporation of Coeur Alaska and owns one hundred (100) per cent of the stock in the same.

### IV.

With regard to paragraph 4 of DuBois' Complaint, Coeur admits that on or about September 9, 2011, DuBois was working for his employer, U.S. Department of Labor, as a safety officer conducting inspections at Kensington Mine in Alaska. Coeur further admits that DuBois fell off the deck onto the ground and suffered injuries. Coeur denies all of the remaining allegations contained in said paragraph.

### V.

With regard to paragraph 5 of DuBois' Complaint, Coeur realleges and incorporates herein by reference all of the admissions, denials and other allegations contained in paragraphs I through IV above as if fully set forth herein.

### VI.

With regard to paragraph 6 of DuBois' Complaint, Coeur alleges that there are no standards for the design, construction, and inspection of handrails such as the handrail DuBois encountered at Kensington mine. As a result, Coeur denies all of the allegations contained in said paragraph.

Lynch & Associates, P.C.
A PROFESSIONAL CORPORATION
425 G Street, Suite 420
Anchorage, Alaska 99501
Phone: (907) 276-3222
Fax: (907) 278-9498

### VII.

With regard to paragraph 7 of DuBois' Complaint, Coeur alleges that these are statements of law to which no response is required. To the extent that a response is required, Coeur alleges that it has met its duties.

### VIII.

With regard to paragraph 8 of DuBois' Complaint, Coeur denies that it breached its duty of care and further denies that it failed to act prudently in the design, construction, inspection and maintenance of the railing. Coeur admits that the railing was attached to the outside of the 4 x 4 support posts. With regard to all of the other allegations contained in said paragraph, Coeur alleges a lack of information sufficient to form a belief as to the truth of those allegations and, therefore, denies all such allegations.

### IX.

With regard to paragraphs 9 through 15 of DuBois' Complaint, Coeur denies all of the allegations contained therein.

### X.

With regard to all of the allegations contained in DuBois' Complaint which have not heretofore been admitted or denied, Coeur denies all such allegations.

BY WAY OF FURTHER ANSWER. Defendants submit the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

DuBois has failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

DuBois has failed to take reasonable action to mitigate any injuries and damages.

Lynch & Associates, P.C.
A PROFESSIONAL CORPORATION
425 G Street, Suite 420
Anchorage, Alaska 99501
Phone: (907) 276-3222
Fax: (907) 278-9498

### THIRD AFFIRMATIVE DEFENSE

Any award of damages to DuBois must either be eliminated or reduced by an amount equal to his comparative negligence.

### FOURTH AFFIRMATIVE DEFENSE

Any and all of the damages claimed by DuBois were caused or aggravated by negligent or intentional acts on her part occurring before the date of the incident alleged in the complaint.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of the damages claimed by the Plaintiff were the result of a pre-existing condition which pre-dated the incident giving rise to the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Coeur reserve the right to add additional affirmative defenses as may be disclosed by the discovery to be conducted in this litigation.

WHEREFORE, having set forth their Answer to Plaintiff's Complaint, Coeur prays that the court grant them judgment as follows:

1.      That DuBois take nothing by his Complaint;

2.      That the Complaint be dismissed with prejudice;

3.      That Coeur be awarded their costs and attorney fees for having to defend this action; and

4.      For such other and further relief as is deemed appropriate under the law and the facts.

//

//

//

Lynch & Associates, P.C.
A PROFESSIONAL CORPORATION
425 G Street, Suite 420
Anchorage, Alaska 99501
Phone: (907) 276-3222
Fax: (907) 278-9498

DATED at Anchorage, Alaska this 3rd day of September, 2013.

LYNCH & ASSOCIATES, P.C.
Attorneys for Defendants

By: _____
Timothy M. Lynch
Alaska Bar No. 7111030

Certificate of Service

I hereby certify that on the 3rd day of September, 2013,
I caused a true and correct copy of the foregoing
to be served via:

__X__ : U.S. Mail _____: Facsimile _____: Hand Delivery

D. Kevin Williams
Law Offices D. Kevin Williams
310 K Street, Suite 200
Anchorage, Alaska 99501
(907) 264-6602

_____
Lynch & Associates, P.C.

Lynch & Associates, P.C.
A PROFESSIONAL CORPORATION
425 G Street, Suite 420
Anchorage, Alaska 99501
Phone: (907) 276-3222
Fax: (907) 278-9498

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | | |
|---|---|---|
| JERRY L. DUBOIS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3AN-13-08735 CI |
| v. | ) | |
| | ) | |
| COEUR ALASKA INC.; d/b/a | ) | |
| KENSINGTON MINE; COEUR MINING, | ) | |
| INC.; and COEUR D'ALENE MINES CORP., | ) | |
| | ) | |
| Defendants. | ) | **INITIAL PRETRIAL ORDER** |
| | ) | |

**RECEIVED**

SEP 0 6 2013

LYNCH & ASSOCIATES, P.C.

Pursuant to the Uniform Pretrial Order Administrative Order 3AO-03-04, this Court hereby issues the Initial Pretrial Order in this case.

### Routine Pretrial Order

The parties shall discuss among themselves possible trial dates and the expected length of trial. Within **15 days** after distribution of the Initial Pretrial Order, the parties shall jointly submit a list of three trial dates that are each approximately 12 months from the date of the Initial Pretrial Order. The submission to the Court should also state the approximate number of trial days the parties believe will be required. A Routine Pretrial Order will be issued based on the parties' report in accordance with the Uniform Pretrial Order.

### Initial Disclosures

Unless an earlier date is or has been agreed to by the parties, initial disclosures required under Alaska Civil Rule 26(a)(1) shall be served not later than **30 days** after distribution of the Initial Pretrial Order.

ENTERED this 5th day of September, 2013, at Anchorage, Alaska.

PATRICK J. McKAY
Superior Court Judge

I certify that on 09/05/13 a copy of the above was
was mailed each of the following:
D. Kevin Williams
Timothy Lynch

KNixon/Admin. Assistant